FILED

APR - 1 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **I N D I C T M E N T** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. **1 :26 CR 0 0 1 6 3** |
| | ) | |
| AMANDA JOY OPOKU-BOACHIE, aka | ) | Title 18, United States Code, |
| AMANDA JOY GLUM, aka AMANDA | ) | Sections 1349 and 1956(h) |
| JOY KESSEI BIERMAN, | ) | |
| | ) | **JUDGE FLEMING** |
| Defendant. | ) | |

GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

1.    Defendant AMANDA JOY OPOKU-BOACHIE, aka AMANDA JOY GLUM, aka AMANDA JOY KESSEI BIERMAN, was a U.S. citizen and resided in the Republic of Ghana.

2.    Wire Fraud Schemes were fraudulent schemes in which perpetrators, using interstate and international wire communications and transmissions, obtained money and other things of value from victims through fraudulent pretenses.

3.    A Romance Fraud Scheme was a type of Wire Fraud Scheme in which perpetrators, using assumed identities and other misrepresentations, formed close personal relationships with victims to gain victims' trust and then use that trust to obtain money and other things of value from victims.  Perpetrators found victims on social media and other online platforms, such as online dating websites, and initiated relationships with victims based on false pretenses.  The victims were often elderly individuals, and the personal relationships were often

romantic in nature, but physically remote. Perpetrators often engaged in extensive intimate conversations with victims, including through telephone calls and text exchanges over email and messaging platforms, gaining victims' affection and trust. The perpetrators then requested money and other things of value from the victims under false pretenses, often claiming that the funds were for an urgent need (such as costs associated with a medical emergency), for furthering the relationship (such as travel costs for meeting in person), or for investment purposes (such as assisting the perpetrators in completing a lucrative transaction). Relying on those and other misrepresentations, perpetrators then convinced victims to send and transport money and other things of value, directing funds to be sent and transported to co-conspirators, often with those co-conspirators represented to be, and posing as, third parties.

COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

4.      The factual allegations contained in paragraphs 1 through 3 of this Indictment are incorporated by reference as if stated fully herein.

The Conspiracy and Scheme to Defraud

From in or around July 2024 through on or about the date of this Indictment, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant AMANDA JOY OPOKU-BOACHIE, aka AMANDA JOY GLUM, aka AMANDA JOY KESSEI BIERMAN, and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed to commit federal fraud offenses, that is: to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent

2

when made, and, for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### The Objects and Purposes of the Conspiracy and Scheme

5.      The objects and purposes of the conspiracy and scheme included, but were not limited to, the following: for the conspirators to unjustly enrich themselves by (a) persuading Wire Fraud Scheme victims to provide conspirators funds under false pretenses, (b) diverting proceeds for the conspirators' use and to further the conspiracy and scheme, and (c) concealing the conspiracy and scheme.

### Manner and Means of the Conspiracy and Scheme

6.      It was part of the conspiracy and scheme that:

a.      Conspirators sought out victims for Wire Fraud Schemes, often targeting elderly individuals in the United States, and sought to obtain, and did obtain, funds from victims by means of false pretenses.

b.      Conspirators contacted numerous victims through online dating websites and social media platforms for the purpose of engaging in Wire Fraud Schemes, including Romance Fraud Schemes.

c.      Conspirators used false and fictional personas (the "Fraudulent Partners") and other misrepresentations to engage in Romance Fraud Schemes with victims, establishing and developing close personal relationships with victims, often romantic in nature, through interstate and international wire communications.

d.      After obtaining victims' trust and affection by posing as Fraudulent Partners, conspirators sought to obtain money from victims, using false and fraudulent

3

statements in interstate and international wire communications to induce victims to transmit funds to co-conspirators, including via wire transfer to, and deposits in, accounts controlled by co-conspirators.

e. Conspirators posed as third parties assisting victims' Fraudulent Partners with investments or other transactions, so that victims would send them money, which was represented to be for the benefit of the Fraudulent Partners.

f. Conspirators shared in funds obtained from victims through the fraud, with conspirators providing a share of the funds they received to co-conspirators in Ghana and elsewhere.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

The Grand Jury further charges:

7. The factual allegations contained in Count 1 of this Indictment are incorporated by reference as if stated fully herein.

8. From in or around July 2024 through on or about the date of this Indictment, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant AMANDA JOY OPOKU-BOACHIE, aka AMANDA JOY GLUM, aka AMANDA JOY KESSEI BIERMAN, and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, to wit:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343,

4

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

c. to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, wire and other bank transfers, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

<u>Manner and Means of the Conspiracy</u>

It was part of the conspiracy that:

a. Conspirators obtained proceeds of Wire Fraud Schemes, including Romance Fraud Schemes, targeted at victims across the United States.

5

b.      Conspirators operated bank accounts to receive funds from victims, often under false pretenses, misrepresenting the purpose of the accounts as having legitimate business purposes.

c.      Conspirators, having received Wire Fraud Scheme proceeds, engaged in further transactions with those proceeds in order to return funds to co-conspirators through the domestic and international financial system while disguising the transfers as having legitimate business purposes, or other purposes.

d.      Conspirators also retained and used for their own benefit a portion of the funds routed through their accounts as payment for helping to conceal and disguise the nature, location, source, ownership, and control of the funds received from Wire Fraud Scheme victims.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

The Grand Jury further charges:

9.      The allegations of Counts 1 and 2 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c). As a result of the foregoing offenses, Defendant AMANDA JOY OPOKU-BOACHIE, aka AMANDA JOY GLUM, aka AMANDA JOY KESSEI BIERMAN shall forfeit any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count 1; and any property, real or personal involved in the commission of the offenses charged in Count 2, or any property traceable to such property.

## SUBSTITUTE ASSETS

If, as a result of any act or omission of Defendant, any property subject to forfeiture:

a.      cannot be located upon the exercise of due diligence;

6

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant up to the value of the forfeitable property described above.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.